United States District Court
Southern District of Texas
**ENTERED**
May 31, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONROE L. DAVIS, <br> TDCJ # 02280474, <br><br> Plaintiff, <br><br> VS. <br><br> MICHAEL DOME, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. 4:24-0304 |

### MEMORANDUM OPINION AND ORDER

Plaintiff Monroe L. Davis, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeds *in forma pauperis* in this civil rights action. Because this case is governed by the Prisoner Litigation Reform Act (PLRA), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b)(1). After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for the reasons explained below.

### I.    BACKGROUND

Davis' amended complaint brings claims against four defendants: (1) Michael Dome, P.A.; (2) Patrick S. Muldowney, P.A.; (3) TDCJ; and (4) the University of Texas Medical Branch (UTMB) (Dkt. 7). He states that Dome and Muldowney treated him at the

Boyd Unit in 2010 and prescribed him Zantac, or ranitidine, for acid reflux disease.[1]  In particular, Dome prescribed Zantac in May 2010 and Muldowney renewed the prescription in November 2010 (*id*. at 3).  Davis states that, in March 2011, his gallbladder was removed due to cancer.  He was released from TDCJ in 2014 and returned in 2019, after conviction on a new felony.  After his re-incarceration, when a TDCJ physician asked Davis if he were aware that he had renal kidney failure, Davis stated that he was not aware and had no symptoms.  However, in approximately March 2020, he became symptomatic and started treatment at UTMB.  In December 2021, he states that he was rushed to surgery and placed on dialysis (*id*. at 3-4).  He submits medical records from 2010 (Dkt. 1-1; Dkt. 7-1).

Davis alleges that Dome and Muldowney harmed him when they prescribed Zantac because the medication caused him to develop cancer, led to the removal of his gallbladder, and subsequently caused his kidney failure.  He alleges that TDCJ and UTMB are liable as employers of Dome and Muldowney (Dkt. 7, at 1-2). [2]

As relief for his claims, Davis seeks injunctive and declaratory relief as well as $2.5 million in damages (*id*. at 4).

## II.   STANDARD OF REVIEW

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the Court is

---

[1]   Although the Boyd Unit is located in Teague, Texas, Davis provides addresses for Dome and Muldowney in Huntsville, Texas (Dkt. 7, at 2).

[2]   Davis' original complaint also brought claims against three entities he identified as makers of Zantac:  Boehringer Ingelheim Pharmaceuticals, Inc; Pfizer, Inc.; and GlaxoSmithKline (Dkt. 1, at 2-3).  In his amended complaint, he abandons his claims against these defendants.  The narrative of relevant facts and dates in the original complaint is substantially the same as that in the amended complaint.

required by the PLRA to screen the case and dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal under § 1915A(b) or § 1915(e)(2)(B) for failure to state a claim is governed by the same standard as a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

Where the pleadings, viewed under the individual circumstances of the case, "demonstrate that the plaintiff has pleaded his best case," dismissal on the pleadings is appropriate if the pleadings do not adequately state a cause of action. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *see Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (holding that a court may

*sua sponte* dismiss for failure to state a claim "as long as the procedure employed is fair") (cleaned up).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

### III.    ANALYSIS

Davis alleges violations of his rights under the Eighth and Fourteenth Amendments, as well as medical negligence (Dkt. 7, at 4). He brings his claims under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person "acting under color of state law," such as a state prison official, for a constitutional violation. *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). The Court examines whether Davis' claims are appropriately dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

## A. Venue

As a preliminary matter, it appears that Davis' claims against Dome and Muldowney are subject to dismissal under 28 U.S.C. § 1406 for improper venue. Federal statute provides that a civil action may be brought in (1) "a judicial district in which any defendant resides," (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or (3) "if there is no district where the action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). When a case lays venue in the wrong district or division, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district of division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).

Here, Davis pleads that Dome and Muldowney were located at, and provided him with medical care at, the Boyd Unit. The Boyd Unit is in Freestone County, which is in the Western District of Texas, Waco Division. 28 U.S.C. § 128(d)(2). Because Davis alleges no events or omissions giving rise to his claims that occurred in this judicial district, his claims against Dome and Muldowney are not properly filed here. *See* 28 U.S.C. § 1391(b); *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 493 (5th Cir. 2018). However, transfer of this action to the Western District of Texas would not be in the interest of justice because, as stated below, Davis' claim against Dome or Muldowney are time-barred.

### B.     Statute of Limitations

A civil rights claim under § 1983, as well as a negligence claim, is subject to a two-year statute of limitations. *See Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018); TEX. CIV. PRAC. & REM. CODE § 16.003(a).  The limitations period "begins to run once the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020) (cleaned up). A complaint that is plainly untimely is subject to dismissal as legally frivolous. *See Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) ("a complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling"); *Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

In this case, Davis signed his complaint on January 21, 2024, and it was docketed on January 25, 2024.  The two-year statute of limitations therefore bars all claims that accrued before January, 2022.  Davis alleges that Dome and Muldowney caused him harm in 2010, when they prescribed him Zantac, and that TDCJ and UTMB are liable because they employed Dome and Muldowney when the prescriptions were written.  He further states that his gallbladder was removed in 2011; that he was informed that he had kidney failure in 2019; that he became symptomatic in March 2020; and that he was placed on dialysis in December 2021. Davis has pleaded no facts that could show that Dome and Muldowney were deliberately indifferent to his serious medical needs, as would be required to show a constitutional violation.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Thompson v. Tex. Dep't of Crim. Just.*, 67 F.4th 275, 280 (5th Cir. 2023); *Cleveland*

*v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019).  In any event, even assuming that he adequately pleaded a claim for relief, he does not plead any facts indicating that he became aware of his alleged injuries during the actionable period.  Even if the limitations period began to accrue in March 2020, when he was aware of his diagnosis and became symptomatic, the two-year limitation period expired in March 2022.  Because he filed his complaint in January 2024, his complaint is time-barred.

Taking as true all facts pleaded by Davis, his claims are barred by the statute of limitations and he fails to raise a basis for tolling.  *See Frame*, 657 F.3d at 240.  His complaint therefore will be dismissed.

## IV.  <u>CONCLUSION</u>

For the reasons stated above, the Court **ORDERS** that the complaint (Dkt. 1; Dkt. 7) filed by Monroe L. Davis is **DISMISSED** under 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim upon which relief may be granted.  All pending motions, if any, are **DENIED** as moot.

**The Clerk will provide a copy of this order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on _____May 30_____, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE